**PRIMAL LITE, INC.**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

Slip Op. 98–98.
Court No. 96–08–01934.

United States Court of International Trade.

July 7, 1998.

Law Offices of George R. Tuttle, San Francisco, CA (Carl D. Cammarata), for plaintiff.

Frank W. Hunger, Assistant Attorney General, Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Civil Division, Dept. of Justice, Commerce Litigation Branch (Mikki Graves Walser), and Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service (Mitra Hormozi), Washington, DC, for defendant.

## OPINION and ORDER

WATSON, Senior Judge.

The Court has before it cross-motions for summary judgment with respect to the tariff classification of imported lighting sets. The importations consist of 14–foot long lengths of wire set with 10 light bulbs and with two extra light bulbs attached. Included for fitting over the lights are translucent plastic shapes in the form of such objects as fruits, vegetables, hearts, rearing horses, guitars and American flags. They were classified as "lighting sets of a kind used for Christmas trees" in Subheading 9405.30.00 of the Harmonized Tariff Schedules of the United States ("HTSUS"). Plaintiff claims they are properly classifiable as other electric lamps and lighting fittings under Subheading 9405.40.80, HTSUS. Both competing provisions come under Heading 9405 for "lamps

and lighting fittings" not elsewhere specified or included. The relevant tariff provisions are as follows:

Chapter 94, Heading 9405:

> Lamps and lighting fittings including searchlights and spotlights and parts thereof, not elsewhere specified or included; illuminated signs, illuminated nameplates and the like, having a permanently fixed source, and parts thereof not elsewhere specified or included:

> \* \* \* \*

9405.30.00   Lighting sets of a kind used for Christmas trees . . . . . . . . . . . . . . . . . . .

> \* \* \* \*

9405.40   Other electric lamps and lighting fittings:

> \* \* \* \*

9405.40.80     Other . . . . . . . . . . . . . . . . . . . . . . .

> \* \* \* \*

There are no material issues of fact in this case. The uncontradicted declaration of the plaintiff's president establishes that these lights are used for indoor and outdoor lighting decoration and illumination purposes unrelated to Christmas trees or the Christmas holiday.

It is the government's position that the actual use of these importations is irrelevant to the classification. The government contends that the Subheading 9405.30.00 provides for "string lighting" sets of all kinds because, whether or not they are actually used for Christmas trees, they are lighting sets "of a kind used for" Christmas trees.

The Court does not agree with the government's interpretation of the phrase "of a kind used for." That phrase is nothing more than an amplification or equivalent of the basic term "used for." *Group Italglass U.S.A., Inc. v. United States,* 17 CIT 226 (1993). It incorporates into the HTSUS language of "use" classification the long-established principle that it is the use of the class or kind of goods being imported that is controlling, rather than the specific use to which the importation itself is put. The phrase does not mean that "similar" merchandise is in-

cluded in a given tariff provision. Stated differently, the provision in which this merchandise was classified is, on its face, a provision for lighting sets used for Christmas trees. Inasmuch as the importations are not used for Christmas trees they do not fall within the plain original meaning of the statutory language. It would take a special manifestation of legislative intention to bring them into this provision, either by specifically including "similar" articles or possibly, by leaving unmistakable indications in the legislative history. However, when the legislative history is examined, no such intention is found. In fact, the clearest legislative history shows a contrary intention.

Before the Harmonized Tariff Schedules of the United States, there was a provision for Christmas tree lighting sets "and wiring sets similar thereto" in item 688.10 of the Tariff Schedules of the United States ("TSUS"). The HTSUS replaced that provision with one covering lighting sets "of a kind used for Christmas trees." That was a definite narrowing of the language and a clear exclusion of similar lighting sets from classification in the same provision as Christmas tree lighting sets. It is "hard" evidence of what the legislators did. In the opinion of the Court, it is far more revealing than the material advanced by the government from the Explanatory Notes.

The Explanatory Notes can be helpful in arriving at an understanding of the provisions of the HTSUS. As the official interpretation of the scope of the Harmonized Commodity Description and Coding System as formulated by the Customs Cooperation Council, and as a basis for the language of the HTSUS, these notes can be revealing, but they must be used with care. In this case they do not relate directly to the classification language under consideration. The government argues that the explanatory note under Heading 9405 states that the heading covers, inter alia, "electrical garlands (including those fitted with fancy lamps for carnival or entertainment purposes, or for decorated Christmas trees)." But that note does not speak directly to the HTSUS subheading for Christmas tree lighting in which the importations were classified. That piece of legisla-

tive history merely indicates that the general class of lights on strings should be covered under Heading 9405. It does not preclude the further differentiation of those lights under the main heading and it does not contradict the making of a distinct provision for Christmas tree lights. It certainly did not operate to create a new class of items in the HTSUS, to be designated as "electric garlands." That general term was plainly not carried over into the HTSUS.

The government stresses the work of the nomenclature committee of the Customs Cooperation Council in assigning "electric garland of all kinds" to Heading 9405 with the express intention of avoiding having to distinguish between electric garlands for Christmas trees and other electric garlands. This argument would be persuasive if the language of "electric garlands" had been continued into the HTSUS but, in fact, as was noted earlier, what was done in the HTSUS was distinctly different. Language that covered "Christmas-tree lighting sets ... and wiring sets similar thereto" under the Tariff Schedules of the United States became "lighting sets of a kind used for Christmas trees." In the opinion of the Court, the plain and unambiguous effect of this change was to create a provision entirely devoted to Christmas tree lighting sets and to exclude therefrom lighting sets of a similar type. The Explanatory Notes cannot be used to introduce ambiguity into this plain legislative alteration. They certainly cannot be used to transform the plain statutory language covering Christmas tree lights into a comprehensive new provision for "electrical garlands."

The use of the term "of a kind" is nothing more than a statement of the traditional standard for classifying importation by their use, namely, that it need not necessarily be the actual use of the importation but is the use of the kind of merchandise to which the importation belongs. In other words, if an importer could prove that its importation of Christmas tree lights was being used for purposes unrelated to Christmas that would have no bearing on the classification. Those lights would be "of a kind used for Christmas trees" within the meaning of this provision. But that focus on the use of the "kind" rather

than the use of the specific importation does not broaden a "use" classification to include a separate class of similar merchandise not used for the same purpose. In this case, the provision for lighting sets used for Christmas trees has not been transformed into a provision for lighting sets used for other purposes.

It follows that the imported lighting sets are "other" electric lamps and light fittings, that is to say, other than those specified in the Subheading 9405.05 that precedes Subheading 9405.40.80. For this reason, plaintiff's motion for summary judgment will be granted.

### JUDGMENT ORDER

This matter is before the court on plaintiff's motion for summary judgment, and defendant's cross-motion for summary judgment.

It is hereby **ORDERED** that plaintiff's motion for summary judgment is granted.

It is further **ORDERED** that the Customs Service shall reclassify this merchandise under Subheading 9405.40.80 of the HTSUS and shall re-liquidate the entries and refund the appropriate amount of duty together with the interest provided by law.