**PRIMAL LITE, INC., Plaintiff–
Appellee,**

v.

**UNITED STATES, Defendant–
Appellant.**

**No. 98–1562.**

United States Court of Appeals,
Federal Circuit.

July 16, 1999.

Carl D. Cammarata, Law Offices of George R. Tuttle, of San Francisco, California, argued for plaintiff-appellee.

Mikki Graves Walser, Attorney, Civil Division, International Trade Field Office, of New York, New York, argued for defendant-appellant. With her on the brief were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, of Washington, DC; and Joseph I. Liebman, Attorney in Charge, International Trade Field Office, of New York, New York.

Before BRYSON, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

BRYSON, Circuit Judge.

This customs classification case involves imported strands of electric lights that are packaged with decorative plastic covers. The Customs Service classified the light strands under subheading 9405.30.00 of the Harmonized Tariff Schedule of the United States (HTSUS). That subheading is termed "lighting sets of a kind used for Christmas trees." Appellee Primal Lite challenged the classification in the Court of International Trade. Primal Lite agreed that its goods were properly classified under heading 9405 of the HTSUS, "lamps and lighting fittings," but it argued that the goods should have been classified under subheading 9405.40.80 of the HTSUS, a residual subheading. The Court of International Trade agreed with Primal Lite that Customs had improperly classified the goods and granted summary judgment in Primal Lite's favor.

The pertinent facts are undisputed. The imported goods at issue in this case are 14–foot–long light strands bearing 10 equally spaced light bulbs. Each strand is packaged with two replacement bulbs and plastic covers sized to fit over and attach to the light bulbs. The plastic covers depict various objects including fruits, vegetables, hearts, rearing horses, and American flags. The government does not contend that any of the depictions on the plastic covers relate to the Christmas holiday.

In the Court of International Trade, Primal Lite submitted an affidavit by its president, and the trial court found on the basis of that affidavit that light strands having the physical characteristics of the imported goods, i.e., goods commercially fungible with the imported light strands, are predominantly used for decorating that is not associated with the Christmas holidays or Christmas trees. The trial court read the reference to "lighting sets of a kind used for Christmas trees" in subheading 9405.30.00 to require that use in connection with Christmas trees be the predominant or principal use of those goods that are commercially fungible with the imported goods. The court rejected the government's argument that the goods should be classified based on the use of other goods within the broader class of "electric garlands," to which the imported goods belonged. The court therefore held that the imported goods should not have been classified under subheading 9405.30.00, but instead should have been classified under subheading 9405.40.80. The government has appealed from the trial court's judgment.

The parties agree that Primal Lite's imported merchandise was properly classified under heading 9405, but they disagree about the subheading that should have been used. The government argues that Customs correctly classified the goods under subheading 9405.30.00 ("Lighting sets of a kind used for Christmas trees"), while Primal Lite argues that the Court of International Trade was correct to hold that the goods should have been classified under subheading 9405.40.80, the residual eight-digit subheading under the six-digit subheading for "other electric lamps and lighting fittings." The government takes the position that the legal issue in this case is subject to plenary review; it does not argue that Customs' legal position is entitled to any special deference from this court. We therefore have no occasion to decide whether the Supreme Court's decision in *United States v. Haggar Apparel Co.*, —— U.S. ——, 119 S.Ct. 1392, 143 L.Ed.2d 480 (1999), which required deference to a position taken in a formal Customs Service regulation, should be extended to cases, such as this one, in which no regulation is at issue.

Subheading 9405.30.00 is a "use" provision, because the classification decision turns on whether the imported lighting sets are "of a kind *used* for Christmas trees." Additional Rule of Interpretation 1 (ARI 1) of the HTSUS dictates how tariff classifications should be construed when the classification decision is controlled by use. ARI 1 provides as follows (emphasis added):

1. In the absence of special language or context which otherwise requires—

   (a) a tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation, *of goods of that class or kind* to which the imported goods belong, and the controlling use is the *principal use;*

   (b) a tariff classification controlled by the *actual use* to which the imported goods are put in the United States is satisfied only if such use is intended at the time of importation, the goods are so used and proof thereof is furnished within 3 years after the date the goods are entered. . . .

As the text makes clear, ARI 1(b) addresses "actual use" provisions, while ARI 1(a) deals with "principal use" provisions.

■ The government contends that subheading 9405.30.00 is a "principal use" provision and that the classification decision in this case is therefore governed by ARI 1(a). We agree. However, we conclude that ARI 1 supports Primal Lite's position, not the government's.

As applied to the goods at issue in this case, the government argues that the term "of a kind" in subheading 9405.30.00 and the term "class or kind" in ARI 1(a) must be defined to include all electric garlands, not simply those particular types of garlands that are normally used as Christmas tree decorations. In the government's view, because certain kinds of electric garlands are used as Christmas tree decorations, and because Primal Lite's goods fall within the general class of electric garlands, Primal Lite's goods must be deemed to be "lighting sets of a kind used for Christmas trees." The government's argument, however, does not make sense as a matter of either precedent or logic.

The purpose of "principal use" provisions in the HTSUS is to classify particular merchandise according to the ordinary use of such merchandise, even though particular imported goods may be put to some atypical use. Thus, a classification covering vehicles principally used for automobile racing would cover a race car, even if the particular imported car was actually used solely in an advertising display. *See Clarendon Mktg., Inc. v. United States*, 144 F.3d 1464, 1467 (Fed.Cir.1998) (a principal use provision "may function as a controlling legal label, in the sense that even if a particular import is proven to be actually used inconsistently with its principal use, the import is nevertheless classified according to its principal use").

What the government in effect urges is that the "class or kind" of good referred to in ARI 1(a) comprises not the particular species of which the merchandise is a member, but a much broader genus to which that species belongs—in this case, the genus of all electric garlands, rather than the species consisting of those garlands principally used for decorating Christmas trees. The government's construction, however, would make it impossible to determine with confidence the scope of any "principal use" provision, since the scope of the provision would depend on how broadly Customs chose to characterize the genus within which the merchandise was deemed to fall. To use a variant of the race car example discussed above, the government's argument would lead to the anomalous result that a race car would be included under a classification limited to "automobiles of a kind principally used for street and highway driving," because (1) race cars fall within the general class of all automobiles, and (2) automobiles are principally used for street and highway driving rather than for use on race tracks.

As that example makes clear, the government's proposed construction of the term "class or kind" in ARI 1(a) to include not just the species to which the imported goods belong, but the genus to which that species belongs, would present intractable problems in defining the scope of the genus. In a case such as this one, for example, it would be impossible to determine whether the genus to which the imported lights belong should be defined as all electric garlands, all types of lighting used for holiday occasions, all types of decorative lighting, or some other category. The interpretation adopted by the trial court—limiting the "class or kind" language to those goods that are commercially fungible with the imported goods—is more faithful to the structure of ARI 1, and it does not present the kind of definitional problem that would be an inescapable consequence of adopting the government's argument.

Each party points to aspects of the background of the HTSUS to support its argument. For its part, the government notes that in 1977 the Nomenclature Committee of the Customs Cooperation Council decided to group all electric garlands under a single heading. According to the government, that decision indicates that the scope of subheading 9405.30.00 includes all electric garlands, not just those

principally used in decorating Christmas trees. The committee's decision in that regard, however, was simply to group all electric garlands under a single general heading—heading 9405. The committee did not address the question whether electric garlands should be given separate treatment within the subheadings under heading 9405. If the intention of the drafters of the HTSUS had been to include all electric garlands within a single subheading, it would have been natural for the drafters simply to use an *eo nomine* provision for electric garlands rather than creating a subheading that limited the covered sets to those "of a kind used for Christmas trees." The government's reliance on the brief excerpt from the notes of the Nomenclature Committee is therefore unpersuasive.

Nor does the government derive any support from Explanatory Note 3 to heading 9405. That note provides that heading 9405 covers electric garlands. A parenthetical lists examples of electric garlands, "including those fitted with fancy lamps for carnival or entertainment purposes or for decorating Christmas trees." Like the Nomenclature Committee's decision, the note discusses only the heading as a whole; it does not address whether all electric garlands fall within subheading 9405.30.00. In fact, the note provides some support for Primal Lite, in that it recognizes the existence of different kinds of electric garlands, including some that are used for decorating Christmas trees and some that are put to entirely different uses.

■ Finally, the government argues that the question whether Primal Lite's imported goods are "of a kind used for Christmas trees" is answered by a deemed admission by Primal Lite in the trial court that "[t]he class or kind of goods to which the imported merchandise belongs in the United States is 'electric garlands' or 'electric string light sets.'" Primal Lite disputes the government's assertion that it made a factual admission in that regard, but in any event the admission does not have the effect that the government seeks

to accord it. The construction of the tariff statute is a legal question. *See Bauerhin Techs. Ltd. Partnership v. United States*, 110 F.3d 774, 776 (Fed.Cir.1997). The breadth of the term "class or kind," as used in ARI 1(a), is therefore not controlled by any factual admission that Primal Lite may have made regarding the class or kind of goods into which the subject merchandise may be said to fall. It is true, of course, that the imported merchandise may be said to fall into a class consisting of electric garlands, just as it can be said to fall into class consisting of all lighting fixtures or all electrical devices, but that does not answer the question of how broadly the reference to "kind or class" in ARI 1(a) should be read. The factual content of Primal Lite's admission, that "electric garlands" is a group of which the imported goods are a subset, is not relevant to this case because we construe the statute to call for a determination as to the group of goods that are commercially fungible with the imported goods.

Primal Lite's affidavit established that the principal use of Primal Lite's imported goods was not for Christmas trees, and the government provided no evidence that those goods and those commercially fungible with them are principally used for Christmas trees. In the absence of any factual dispute on that issue, the trial court correctly relied upon Primal Lite's affidavit to establish that Primal Lite's imported merchandise did not consist of "lighting sets of a kind used for Christmas trees." The trial court was therefore correct to conclude that the imported goods should not have been classified in subheading 9405.30.00 and instead should have been classified in residual subheading 9405.40.80.

*AFFIRMED.*