Slip-Op. 00-116

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
                                    :
LEN-RON MANUFACTURING               :
CO., INC., et al.,                  :
                                    :
                    Plaintiffs,     :        Consol. Court No.  94-08-00488
                                    :        BEFORE: CARMAN, CHIEF JUDGE
            v.                      :
                                    :
UNITED STATES,                      :
                                    :
                    Defendant.      :
                                    :
```

Plaintiffs, Len-Ron Manufacturing Co., Inc., *et al.*, (Len-Ron) move for partial summary judgment pursuant to U.S. CIT R. 56(a), contending they are entitled to judgment as a matter of law because the United States Customs Service (Customs) improperly classified the merchandise at issue under subheading 4202.92.45, Harmonized Tariff Schedule of the United States (HTSUS), as "Other . . . With outer surface of sheeting of plastic . . . Travel, sports and similar bags . . . Other," dutiable at a rate of 20% *ad valorem.*  Plaintiffs argue the imported merchandise is classified properly under subheading 4202.32.10, HTSUS, as "Articles of a kind normally carried in the pocket or in the handbag . . . With outer surface of sheeting of plastic . . . Of reinforced or laminated plastics," dutiable at a rate of 12.1¢/kg + 4.6% *ad valorem.*

Defendant, United States, opposes plaintiffs' motion.  Pursuant to U.S. CIT R. 12(b)(1), defendant moves to dismiss for lack of jurisdiction under 28 U.S.C. § 1581(a) (1994) those entries included in the summons and complaint whose classification was not protested by plaintiffs pursuant to 19 U.S.C. § 1514 (1994).  Defendant, also, cross-moves for partial summary judgment pursuant to U.S. CIT R. 56(b), contending it is entitled to judgment as a matter of law because the merchandise is classifiable under subheading 4202.12.20, HTSUS, as "[V]anity cases . . . With outer surface of plastics," dutiable at a rate of 20% *ad valorem*[1] and, in the alternative, affirm Customs's classification under subheading 4202.92.45, HTSUS.  Plaintiffs oppose defendant's motions.

*Held*: The Court finds there are no genuine issues of material fact and partial summary judgment is appropriate.  The Court holds the merchandise at issue is classifiable under subheading 4202.12.20, HTSUS.  Accordingly, plaintiffs' Motion for Partial Summary Judgment

---

[1] On October 7, 1999, defendant amended its answer to plaintiffs' complaint adding an alternative classification under subheading 4202.12.20, Harmonized Tariff Schedule of the United States (HTSUS), "[V]anity cases . . . With outer surface of plastics."

is denied, and defendant's Cross-Motion for Partial Summary Judgment is granted.  The Court grants defendant's Motion to Dismiss in Part for Lack of Jurisdiction with respect to those entries subject to defendant's motion and to the classification cause of action only.

Dated: September 1, 2000

*Soller, Shayne & Horn* (*William C. Shayne* and *Margaret Hardy Sachter,* of Counsel), New York, New York, for plaintiffs.

*David W. Ogden*, Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Mikki Graves Walser*); *Chi S. Choy*, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for defendant.

**OPINION**

**CARMAN, CHIEF JUDGE:**  Plaintiffs, Len-Ron Manufacturing Co., Inc., *et al.*, (Len-Ron)

move for partial summary judgment pursuant to U.S. CIT R. 56(a), contending they are entitled

to judgment as a matter of law because the United States Customs Service (Customs) improperly

classified the merchandise at issue under subheading 4202.92.45, Harmonized Tariff Schedule of

the United States (HTSUS), as "Other . . . With outer surface of sheeting of plastic . . . Travel,

sports and similar bags . . . Other," dutiable at a rate of 20% *ad valorem.*[2]  Plaintiffs argue[3] the

_____

[2] Subheading 4202.92.45, HTSUS, in relevant part, states:

4202          Trunks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber, or of paperboard, or wholly or mainly covered with such materials or with paper:

\*      \*      \*

imported merchandise is classified properly under subheading 4202.32.10, HTSUS, as "Articles

of a kind normally carried in the pocket or in the handbag . . . With outer surface of sheeting of

plastic . . . Of reinforced or laminated plastics," dutiable at a rate of 12.1¢/kg + 4.6% *ad*

*valorem.*[4]


Defendant, United States, opposes plaintiffs' motion.  Pursuant to U.S. CIT R. 12(b)(1),

defendant moves to dismiss in part for lack of jurisdiction under 28 U.S.C. § 1581(a) (1994)

those entries included in the Summons and Complaint whose classification was not protested by

plaintiffs pursuant to 19 U.S.C. § 1514 (1994)[5].  Defendant, also, cross-moves for partial

---

|  | Other: |  |
|---|---|---|
|  | *        *        * |  |
| 4202.92 | With outer surface of sheeting of plastic or of textile materials: | |
|  | Travel, sports and similar bags: | |
|  | *        *        * | |
| 4202.92.45 | Other | 20% |

[3] The Court notes plaintiffs abandon the alternative classification proposed in their complaint for the merchandise at issue.  (*See* Memorandum of Law in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss this Action as to Certain Entries and in Support of Plaintiffs' Response to Defendant's Cross-Motion for Partial Summary Judgment (Plaintiffs' Response) at 4-5 ("Plaintiffs are abandoning their alternate claim that these cosmetic bags are classifiable as articles of sheeting of plastic under 3926.90.90 HTSUS.").)

[4] Subheading 4202.32.10, HTSUS, in relevant part, states:

|  | Articles of a kind normally carried in the pocket or in the handbag: |  |
|---|---|---|
|  | *        *        * |  |
| 4202.32 | With outer surface of sheeting of plastic or of textile materials: | |
|  | With outer surface of sheeting of plastic: | |
| 4202.32.10 | Of reinforced or laminated plastics | 12.1¢/kg + 4.6% |

[5] 19 U.S.C. § 1514(a) (1994) states, in relevant part:

summary judgment pursuant to U.S. CIT R. 56(b)[6], contending it is entitled to judgment as a

matter of law because the merchandise is classifiable properly under subheading 4202.12.20,

HTSUS, as "[V]anity cases . . . With outer surface of plastics," dutiable at a rate of 20% *ad*

*valorem*[7] and, in the alternative, under subheading 4202.92.45, HTSUS. Plaintiffs oppose

defendant's motions. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994).

## I.  BACKGROUND

Plaintiffs are manufacturers and distributors of cosmetics. The complaints in this

---

Except as provided in subsection (b) of this section . . . decisions of the Customs
Service, including the legality of all orders and findings entering into the same, as to –
* * *
     (2) the classification and rate and amount of duties chargeable;
* * *
shall be final and conclusive upon all persons (including the United States and any officer
thereof) unless a protest is filed in accordance with this section . . . .

[6] The Court notes plaintiffs and defendant simultaneously filed their respective motions
for partial summary judgment on March 20, 2000.

[7] Subheading 4202.12.20, HTSUS, in relevant part, states:

| | | |
|---|---|---|
| | Trunks, suitcases, vanity cases, attache cases, briefcases, school satchels and similar containers: | |
| | *    *    * | |
| 4202.12 | With outer surface of plastics or of textile materials: | |
| 4202.12.20 |     With outer surface of plastics: | 20% |
| | *    *    * | |
| |     Other: | |
| |         Trunks, suitcases, vanity cases and similar containers | |

consolidated action[8] raise two independent causes of action. The first cause of action contests

Customs's classification of the merchandise at issue under subheading 4202.92.45, HTSUS, as

"Other . . . With outer surface of sheeting of plastic . . . Travel, sports and similar bags . . .

Other," dutiable at a rate of 20% *ad valorem.* The second cause of action contests Customs's

appraisement decisions with regard to certain entries. Of the entries at issue in this action,

plaintiffs contest the classification of thirty-nine entries. However, there are twenty-three other

entries in which plaintiffs only contest the appraisement decisions made by Customs.[9] Those

twenty-three entries are not reached by this opinion.

---

[8] The eight causes of action consolidated under Court No. 94-08-00488 pursuant to U.S. CIT R. 42(a) include Court Nos.: 94-08-00488; 94-09-00550; 96-02-00600; 96-02-00601; 96-03-00753; 96-08-01946; 97-02-00223 and 97-02-00224. The motion to consolidate this action was granted July 25, 1997. The Court notes no consolidated complaint was filed by the parties in this consolidated action.

[9] The entries for which plaintiffs contest classification are: Entry Nos. 456-2933533-5; 456-0293604-4; 456-0293536-8; 456-0293788-5; 456-0293709-1; 456-0293710-9; 456-0293736-4; 456-0293884-4; 456-0293701-8; 456-0294150-7; 456-0294015-2; 456-0293910-5; 456-0293900-6; 456-0293871-9; 456-0293795-0; 456-0094275-4; 456-0293833-9; 456-0294016-0; 456-0294267-9; 456-0294293-5; 456-0294317-2; 456-0295560-6; 456-0295661-2; 456-0295671-1; 456-0295741-2; 456-0295848-5; 456-0296169-5; 456-0296233-9; 456-0296295-8; 331-9282601-5; 456-0297226-2; 482-0822147-2; 906-1101960-6; 456-0297495-3; 456-0297850-9; 456-0297804-6; 456-0298032-3; 456-0298074-5; 456-0298116-4. (*See* Defendant's Statement of Material Facts As to Which There is No Genuine Issue to be Tried (Defendant's Statement of Facts) at ¶ 3; Plaintiffs' Objection to Defendant's Statement of Material Facts as to Which There is No Genuine Issue to be Tried (Plaintiffs' Response to Defendant's Facts) (no objection to defendant's statements in ¶ 3).)

The entries for which plaintiffs did not protest classification are: Entry Nos. 456-0002945-5; 456-0295872-5; 456-0295908-7; 456-0296044-0; 456-0295722-2; 456-0003076-6; 456-0003105-3; 456-0296239-6; 456-0296113-3; 456-0296155-4; 456-0296167-9; 456-0296191-9; 456-0296192-7; 456-0296216-4; 456-0296424-4; 456-0296428-5; 456-0296403-8; 456-0296428-5; 456-0297000-1; 456-0297173-6; 456-0297225-4; 456-0297327-8; 456-0297880-6. (*See* Defendant's Statement of Facts at ¶ 4; Plaintiffs' Response to Defendant's Facts (no objection to defendant's statements in ¶ 4).)

The merchandise at issue consists of variously shaped cosmetics bags,[10] articles of which have been invoiced by plaintiffs as "rectangular bag, halfmoon bag, fabric bag, travel bag, PVC sponge bag, reusable bag, cosmetic case, cosmetic bag, GWP sunnysider, hatbox U.S.A. bag, new stone open bag, horizontal tote, fabric mirror pouch, nylon cosmetic bag, generic bag, nylon drawstring bag, and cosmetic pouch." (Memorandum in Support of Defendant's Motion to Dismiss in Part and Defendant's Cross-Motion for Partial Summary Judgment (Defendant's Motion) at 1-2.) Made with an outer surface of polyvinyl chloride (PVC) and an inner lining of polyvinyl sheathing,[11] the cosmetics bags are supple, non-rigid and not supported by frames.

Plaintiffs import the merchandise at issue for use as promotional items to be presented to customers upon the purchase of a certain amount of plaintiffs' cosmetic and toiletry products, either as a free premium or at a nominal additional cost. Articles of merchandise are used to contain, organize and segregate cosmetic and toiletry products and some are small enough to be

---

[10] The Court notes plaintiffs refer to the merchandise at issue as "cosmetic bags," (*see* Plaintiffs' Statement Under Rule 56(i) of Material Facts as to which There is No Dispute at ¶ 1 (Plaintiffs' Statement of Facts)); however, throughout the opinion the Court will refer to the merchandise at issue as "cosmetics bags" for the purposes of this opinion. The Court finds the terms to be synonymous.

[11] The Court notes all the proposed classifications at issue in this matter may require the merchandise at issue to have a plastic component in order for classification to be proper. *See* heading 4202, HTSUS ("[O]f sheeting of plastics"); subheading 4202.12.20 ("With outer surface of plastics"), subheading 4202.32.10 ("With outer surface of sheeting of plastic . . . Of reinforced or laminated plastics"), subheading 4202.92.45, HTSUS ("With outer surface of sheeting of plastic"). Because this element of classification has been stipulated to by the parties and the Court finds its understanding of the tariff phrase comports with that stipulation, the Court, in its discussion, will refer only to the contested subheadings and phrases, namely subheadings 4202.12, HTSUS, "[V]anity cases," 4202.32, HTSUS, "Articles of a kind normally carried in the pocket or the handbag," and 4202.92.45, HTSUS, "Other . . . Travel, sports and similar bags . . . Other."

housed[12] within a handbag.[13]


II.  CONTENTIONS OF THE PARTIES

A.      *Plaintiffs*

1.      *Plaintiffs' Opposition to Defendant's Motion to Dismiss in Part*

Plaintiffs oppose defendant's motion to dismiss for lack of jurisdiction certain entries for

which plaintiffs did not protest classification.  Plaintiffs argue defendant's motion is premature,

irrelevant to the cross-motions for summary judgment before the Court, and the Court should

deny the motion with leave for defendant to renew.


Even though plaintiffs admit no protests regarding classification were filed for the

twenty-three entries for which defendant seeks dismissal, plaintiffs contend the Court should

proceed to determine the proper classification of the merchandise without dismissing the

classification claims with respect to those twenty-three entries.  Plaintiffs argue the cross-

motions for partial summary judgment before the Court involve a legal question concerning the

scope and meaning of three tariff provisions, and the Court's judgment in no way depends upon

how many or which entries will be affected.  Plaintiffs maintain determination of the entries

affected by the Court's judgment is largely a clerical task to be undertaken when the Court's

---

[12] *See infra* note 34.

[13] The parties admit women normally carry a handbag containing various personal items
wanted about their person for convenience.  (*See* Plaintiffs' Statement of Facts at ¶ 8;
Defendant's Response to Plaintiffs' Statement under Rule 56(i) of Material Facts as to Which
There is no Dispute (Defendant's Response to Plaintiffs' Facts) at ¶ 8.)

judgment is executed.  At that point, plaintiffs propose, defendant should be allowed to renew its

motion to dismiss certain entries, or the parties may stipulate to a list of entries to which the

judgment applies.


   2.  *Plaintiffs' Motion for Partial Summary Judgment*


  Plaintiffs contend no genuine issues of material fact exist, and they are entitled to

judgment as a matter of law.  Len-Ron argues Customs improperly classified the cosmetics bags

under subheading 4202.92.45, HTSUS, as "Other . . . Travel, sports and similar bags . . . Other,"

dutiable at a rate of 20% *ad valorem*.  Plaintiffs also assert defendant's proposed alternative

classification for the merchandise at issue under subheading 4202.12.20, HTSUS, as "[V]anity

cases," dutiable at a rate of 20% *ad valorem,* is incorrect.  Len-Ron contends the merchandise at

issue is classified properly under subheading 4202.32.10, HTSUS, as "Articles of a kind

normally carried in the pocket or in the handbag," dutiable at a rate of 12.1¢/kg + 4.6% *ad*

*valorem.*


  a.  *Proper Classification of the Merchandise at Issue under Subheading 4202.32,*
      *HTSUS, as "Articles of a kind normally carried in the pocket or in the handbag."*

  Plaintiffs argue the cosmetics bags at issue are normally carried by women in a handbag

to hold, segregate and protect cosmetics.  A cosmetics bag, plaintiffs argue, is similar to other

personal articles, *e.g*., wallet, change purse, organizer, women normally carry in their handbags

for daily use.  Plaintiffs maintain the cosmetics bags at issue are not carried normally as a

separate bag or container.  Therefore, plaintiffs argue subheading 4202.32, HTSUS, "Articles of

a kind normally carried in the pocket or in the handbag" encompasses the merchandise at issue.


Plaintiffs also argue legislative history supports classification of the cosmetics bags under subheading 4202.32, HTSUS. Len-Ron contends analysis of the statute establishes subheading 4202.32, HTSUS, as a use provision. Plaintiffs maintain legislative history supports a use-based interpretation of the statute rather than one based solely on the exemplars listed in the statute and Explanatory Notes for Chapter 42.02, HTSUS.[14] According to plaintiffs, the Harmonized System Committee (HSC) of the Customs Cooperation Council's use of the phrase "Articles of a kind normally carried in the pocket or in the handbag," instead of the exemplar-based Tariff Schedule of the United States (TSUS) provision for "flat goods,"[15] illustrates the HSC's intention for the subheading to cover a broad base of similar articles characterized by their use as containers for articles carried on the person. Plaintiffs maintain the subheading 4202.32, HTSUS, is not limited, by it own terms or by the intent of the drafters, to the specific articles enumerated in heading 4202, *i.e.*, wallets, purses, map cases, cigarette cases, similar containers, or in the

---

[14] The Explanatory Notes are the official interpretation of the scope of the Harmonized Commodity Description and Coding System (which served as the basis of the HTSUS) as viewed by the Customs Cooperation Council (CCC), the international organization that drafted the international nomenclature. *See E.M. Chemicals v. United States*, 923 F. Supp. 202, 207 n.6 (CIT 1996).

[15] The Tariff Schedule of the United States (TSUS), schedule 7, part 1, subpart D, Headnote 2(c) (1986), provided that the term "flat goods" covered:

small flatwares designed to be carried on the person, such as banknote cases, bill cases, billfolds, bill purses, bill rolls, card cases, change purses, cigarette cases, coin purses, coin holders, compacts, currency cases, key cases, letter cases, license cases, money cases, pass cases, passport cases, powder cases, spectacle cases, stamp cases, vanity cases, tobacco pouches, and similar articles.

Explanatory Notes for Chapter 42.02, HTSUS, *i.e.*, "similar containers" in second part of heading

4202, HTSUS, as including note-cases, writing cases, pen-cases, ticket-cases, cigar-cases, etc.[16]

Plaintiffs maintain, the Explanatory Note clearly shows this heading continues to include flat

goods; however, unlike the subheading used in the TSUS, subheading 4202.32, HTSUS, will be

governed by use, not exemplars. Therefore, plaintiffs argue, since the merchandise at issue is to

be used or carried within a handbag, it squarely falls under subheading 4202.32, HTSUS,

"Articles of a kind normally carried in the pocket or in the handbag."


Also, plaintiffs argue, while the exemplars in the statute and Explanatory Notes may not

be used as limitations for classification under heading 4202.32, they are relevant for determining

the essential characteristics, under the *ejusdem generis* rule of statutory construction,[17] of items

classifiable within subheading 4202.32, HTSUS.  Plaintiffs assert the cosmetics bags at issue

share the essential characteristics of the exemplars enumerated in the statute and Explanatory

---

[16] The Court notes the Explanatory Notes for Chapter 42.02 state, in relevant part: **"**[Subheadings 4202.31, 4202.32, and 4202.39] cover articles of a kind normally carried in the pocket or in the handbag and include spectacle cases, note-cases (bill-folds), wallets, purses, key-cases, cigarette-cases, cigar-cases, pipe-cases and tobacco-pouches."

[17] *Ejusdem generis*, which means "of the same kind,"  is a rule of statutory construction providing:

> where an enumeration of specific things is followed by a general word or phrase, the general word or phrase is held to refer to things of the same kind as those specified.  As applicable to classification cases, *ejusdem generis* requires that the imported merchandise possess the essential characteristics or purposes that unite the articles enumerated *eo nomine* in order to be classified under the general terms.

*Sports Graphics, Inc. v. United States*, 24 F.3d 1390, 1392 (Fed. Cir. 1994) (citations omitted).

Notes. Like the exemplars, the merchandise at issue is small, lightly constructed and designed to

be carried in a handbag and is normally so carried. Therefore, the merchandise at issue is

properly classifiable under subheading 4202.32, HTSUS, as "Articles of a kind normally carried

in the pocket or in the handbag."

          b.       *Improper Classification of the Merchandise at Issue under Subheading*
                     *4202.92.45, HTSUS, as "Other . . . Travel, sports and similar bags . . .*
                     *Other."*

Plaintiffs argue the merchandise at issue is not classifiable under subheading 4202.92.45,

HTSUS, as "Other . . . With outer surface of sheeting of plastic . . . Travel, sports and similar

bags . . . Other," dutiable at a rate of 20% *ad valorem.* First, plaintiffs contend Customs

improperly classified the merchandise at issue within a residuary subheading without

determining first whether the article was classifiable within any of the other available

subheadings. Plaintiffs maintain the merchandise at issue is *prima facie* classifiable under

subheading 4202.32, HTSUS. Without refutation of this classification, plaintiffs argue,

Customs's classification of the cosmetics bags under the residuary subheading in Chapter 42,

HTSUS, "Other" is improper. Moreover, plaintiffs contend Additional U.S. Note 1 (U.S. Note

1)[18] requires Customs to exclude the merchandise at issue from classification under subheading

4202.32, HTSUS, prior to using subheading 4202.92, HTSUS, "Other."

---

[18] Chapter 42, Additional U.S. Note 1 (U.S. Note 1) states, in relevant part:

    For the purposes of heading 4202, the expression "<u>travel, sports and similar bags</u>" means
    goods, other than those falling in subheadings 4202.11 through 4202.39, of a kind
    designed for carrying clothing and other personal effects during travel, including
    backpacks and shopping bags of this heading . . . .

Second, plaintiffs contend Customs's classification under subheading 4202.92, HTSUS,

"Other" is contrary to the classification methodology set forth by the General Rules of

Interpretation (GRI). GRI 6[19] instructs comparisons be made only between tariff provisions at

the same level of the tariff hierarchy. Len-Ron argues Customs's rationale for classification

under subheading 4202.92, HTSUS, is based upon a comparison of two provisions that are not

comparable, "Articles of a kind normally carried in the pocket or in the handbag," a subheading

and "Travel, sports and similar bags," a subordinate division of the subheading "Other."

Plaintiffs argue Customs's interpretation and analysis of the merchandise at issue under the

HTSUS is erroneous.

Plaintiffs further argue, even if the merchandise at issue is *prima facie* classifiable under

subheading 4202.32, HTSUS, and subheading 4202.92, HTSUS, GRI 3(a)[20] would mandate

---

[19] General Rule of Interpretation (GRI) 6 states:

For legal purposes, the classification of goods in the subheadings of a heading shall be
determined according to the terms of those subheadings and any related subheading notes
and, *mutatis mutandis*, to the above rules, on the understanding that only subheadings at
the same level are comparable.

[20] GRI 3(a) states, in pertinent part:

When, by application of rule 2(b) or for any other reason, goods are, *prima facie*,
classifiable under two or more headings, classification shall be effected as follows:

(a)     The heading which provides the most specific description shall be preferred to
         headings providing a more general description.

classification under subheading 4202.32, HTSUS, because it offers "the most specific

description" of the merchandise at issue.  Moreover, even if the subheading 4202.32, HTSUS,

could be compared with subheading 4202.92.45, HTSUS, "Other . . . Travel, sports and similar

bags . . . Other," plaintiffs contend, subheading 4202.32, HTSUS, would still be the proper

classification because the merchandise at issue does not share essential characteristics with the

exemplars enumerated under subheading 4202.92.45, HTSUS.  Citing U.S. Note 1 to Chapter 42

of the HTSUS, plaintiffs maintain, unlike travel, sports and similar bags, the merchandise at

issue is not designed to carry clothing and other personal effects during travel.  Also, plaintiffs

argue the merchandise at issue is not designed to be carried independently but within another

container.  Therefore, plaintiffs assert the merchandise at issue may not be properly classified

under subheading 4202.92.45, as "Other . . . Travel, sports and similar bags . . . Other."


          c.        *Improper Classification under Subheading 4202.12.20, HTSUS, "[V]anity cases."*


Plaintiffs argue the cosmetics bags may not be classified properly under the *eo nomine*[21]

tariff term "[V]anity cases" in subheading 4202.12, HTSUS.


First, plaintiffs contend the term "[V]anity cases" is ambiguous and dictionary definitions

of the term and expert testimony reveal three distinct forms of the article:  a compact, a handbag

and a small piece of luggage.  Plaintiffs maintain the statute refers to the third definition, a small

---

[21] An *eo nomine* designation is one which describes a "commodity by a specific name, usually one well known to commerce." *United States v. Bruckmann*, 582 F.2d 622, 625 n.8 (CCPA 1978).

piece of luggage.   Plaintiffs base their argument on the drafting history of the Harmonized Tariff

Schedule (HTS).  Len-Ron notes the HTS is a multi-national tariff with international

nomenclature, and the meaning of a term must be construed in the context of the various

languages in which the HTS is written.  According to plaintiffs, under the international

nomenclature, HTS headings and subheadings should encompass the same items despite

language differences.  Plaintiffs contend the first part of the heading 4202, *i.e.*, "Trunks,

suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases,

camera cases, musical instrument cases, gun cases, holsters and similar containers . . . ," which

includes the term "vanity cases," was intended to include items of luggage.   Comparing the

English and French terminology under heading 4202, HTSUS, plaintiffs maintain the term

"vanity cases" was intended by the drafters to be equivalent to the French term "les mallettes de

toilettes," *i.e.*, little trunks for toilet articles.  According to plaintiffs, the merchandise at issue

does not meet this definition.


        In addition, plaintiffs argue, under the rule of *ejusdem generis*, the cosmetics bags do not

share essential characteristics with the containers listed in the first part of heading 4202 or in

subheadings 4202.12, HTSUS, "Trunks, suitcases, vanity cases, attache cases, briefcases, school

satchels and similar containers [*e.g.*, hat boxes, camera accessory cases, cartridge pouches,

sheaths for hunting or camping knives . . . .  *See* Ch. 42.02, Explanatory Notes]."  Plaintiffs

maintain all the exemplars are designed to be carried independently as external bags, unlike the

merchandise at issue.  Therefore, plaintiffs contend the *eo nomine* provision of "vanity cases"

under which defendant would classify the cosmetics bags has been shown by definition,

legislative history and similitude to be limited to the type of vanity case that resembles a small

suitcase for cosmetics.  Therefore, plaintiffs argue the merchandise at issue may not be classified

properly  under subheading 4202.12, HTSUS, as "[V]anity cases."

For all the reasons cited above, plaintiffs assert the proper classification of the

merchandise at issue is under subheading 4202.32, HTSUS, as "Articles of a kind normally

carried in the pocket or in the handbag."

B.      *Defendant*

1.      *Defendant's Motion to Dismiss in Part*

Pursuant to U.S. CIT R. 12(b), defendant, United States, moves to dismiss the twenty-

three entries for which classification was not protested.  Defendant argues it is fundamental that

in order for the Court to have jurisdiction under 28 U.S.C. § 1581(a) over the twenty-three entries

at issue in this motion, it was necessary for plaintiffs to have protested Customs's classification

for each entry pursuant to 19 U.S.C. §§ 1514 and 1515.  The government contends because

plaintiffs did not protest the classification of the twenty-three entries it seeks to dismiss, the

Court may not properly exercise jurisdiction over those entries.  Accordingly, defendant moves

for dismissal with respect to those twenty-three entries.

2.      *Defendant's Cross-Motion for Summary Judgment*

Defendant argues there are no issues of material fact, and it is entitled to judgment as a

matter of law.  Defendant contends the cosmetics bags at issue should be classified under

subheading 4202.12, HTSUS, "[V]anity cases," and, in the alternative, under subheading

4202.92.45, HTSUS, "Other . . . Travel, sports and similar bags . . . Other."  Defendant maintains

the cosmetics bags are not classifiable properly under subheading 4202.32, HTSUS,  "Articles of

a kind normally carried in the pocket or in the handbag."


> a.       *Proper Classification of the Merchandise at Issue under Subheading*
> *4202.12, HTSUS, "[V]anity cases."*

Defendant argues the cosmetics bags should be classified under subheading 4202.12,

HTSUS, an *eo nomine* provision for "vanity cases."  Finding the term ambiguous, defendant

acknowledges the common dictionary meaning of the term "vanity case" includes several forms

of the article, *e.g*., a small luggage bag for holding cosmetics, small container to carry cosmetic

accessories.  Even so, defendant argues Congress is presumed to know the language of commerce

so as to classify commodities according to the general usage and denomination of the trade;

therefore, in the absence of legislative intent, an *eo nomine* provision includes all forms of an

article.  Defendant contends the merchandise at issue fits squarely within the common meaning

of the term "vanity cases" as used in the HTSUS.  Defendant asserts a vanity case is a small

handbag or case for carrying cosmetics.  Customs notes plaintiffs refer to the merchandise at

issue as cosmetics cases, defined as a small piece of luggage for cosmetics.  Based on the

similarity of their definitions, defendant argues a cosmetic case is a vanity case. Therefore, the

merchandise at issue may be classified properly under subheading 4202.12, HTSUS, as "[V]anity

cases."

Defendant also argues plaintiffs may not argue under the rule of *ejusdem generis* to refute

classification of the cosmetics bags under subheading 4202.12, HTSUS. Defendant contends

since the merchandise at issue falls squarely within the common meaning of the term "[V]anity

case[]" in the subheading, *ejusdem generis* may not be used to restrict the scope of the provision.

Defendant contends the common meaning of the term "vanity case" is clear. Therefore, rules of

construction such as *ejusdem generis* may not be used to narrow the term's common meaning.

Even so, defendant contends, if the rule of *ejusdem generis* applies and the term "vanity

cases," in fact, only applies to luggage, the cosmetics bags would still be classifiable under

subheading 4202.12, HTSUS, as "similar containers." Defendant argues all the articles

enumerated in subheading 4202.12, HTSUS, are traveling bags used to carry different types of

articles. Since the rule of *ejusdem generis* requires only that the merchandise possess the

essential character running through all enumerated exemplars, defendant maintains the

merchandise at issue is *ejusdem generis* because it is a travel bag used to carry cosmetics.

Defendant contends plaintiffs' argument using *ejusdem generis* has no merit.

      b.     *Proper Classification of the Merchandise at Issue under Subheading 4202.92.45, HTSUS, as "Other . . . Travel, sports and similar bags . . . Other."*

Alternatively, Customs argues the cosmetics bags were classified properly upon entry

under subheading 4202.92.45, HTSUS, as "Other . . .Travel, sports and similar bags . . . Other."

Defendant maintains, contrary to plaintiffs' assertions, it classified the merchandise under the

residuary subheading 4202.92, HTSUS, by relying upon the plain meaning of the statute and not

upon a comparison between subheading 4202.32, HTSUS, "Articles of a kind normally carried in the pocket or in the handbag" and subheading 4202.92, HTSUS, "Other." According to Customs, the cosmetics bags are not classifiable under subheading 4202.32, HTSUS; therefore, Customs's choice of the residuary subheading was appropriate.

According to Customs, the cosmetics bags fall under the statutory definition of "[t]ravel, sports and similar bags" as provided by Chapter 42, Additional U.S. Note 1, HTSUS, "goods . . . of a kind designed for carrying clothing and other personal effects during travel." Defendant argues plaintiffs refer to the merchandise at issue as travel bags, cases and pouches in marketing and advertising literature and, according to plaintiffs, the merchandise is designed to carry personal effects such as cosmetics. Accordingly, contends defendant, the cosmetics bags meet the statutory definition of "Travel, sports and similar bags" and therefore, it was classified properly under subheading 4202.92.45, HTSUS, as "Other . . . Travel, sports and similar bags . . . Other."

        c.      *Improper Classification under Subheading 4202.32, HTSUS, "Articles of a kind normally carried in the pocket or in the handbag."*

Customs argues the language of subheading 4202.32, HTSUS, is plain and unambiguous, and the merchandise at issue may not be classified properly under the subheading. Customs contends the statutory phrase "Articles of a kind normally carried in the pocket or in the handbag," was intended by Congress to refer only to small pocket articles. To bolster its argument, Customs cites the exemplars enumerated in the Explanatory Notes as "Articles of a kind normally carried in the pocket or in the handbag," *i.e.*, spectacle cases, note-cases (bill-

folds), wallets, purses, key-cases, cigarette-cases, cigar-cases, pipe-cases and tobacco-pouches. Defendant claims the fact all these items may be carried in the pocket as well as in the handbag illustrates subheading 4202.32, HTSUS, was only meant to include items which are capable of being carried in a pocket. Therefore, argues Customs, this size limitation precludes classification of the merchandise at issue under subheading 4202.32, HTSUS, because the cosmetics bags are not small pocket articles.

In addition, defendant uses HTS drafting history to support the validity of its conclusion that the plain meaning of subheading 4202.32, HTSUS, only implicates small pocket articles. Customs argues, in 1978, the United States Administration proposed to the HSC an additional subheading for "flat goods" in heading 4202 which the United States' delegate explained was intended to give separate status to small pocket articles. According to defendant, the HSC agreed with the United States about the need for an additional subheading but in lieu of the phrase "flat goods" chose the phrase "Articles of a kind normally carried in the pocket or in the handbag." Defendant contends the phrase used in subheading 4202.32, HTSUS, was borrowed from Chapter 71 of the HTSUS and its Explanatory Notes classifying articles of jewelry, all of which may be carried in the pocket.[22] Also, defendant notes similar language was in use in the TSUS to define articles of jewelry, and a variation of this language was used to define "flat goods." Defendant contends since the HSC essentially adopted the United States "flat goods" proposal in

---

[22] Chapter 71, Note 8(b), HTSUS, provides:

(b) Articles of personal use of a kind normally carried in the pocket, in the handbag or on the person (such as cigarette cases, powder boxes, chain purses or pill boxes.

the Explanatory Notes, although under a different title, and since, according to the U.S. delegate,

the "flat goods" provision was intended to include only small pocket articles, subheading

4202.32, HTSUS, "Articles of a kind normally carried in the pocket or in the handbag" was

intended only to cover small pocket articles.

In addition, defendant contends when Congress recast the TSUS "flat goods" provision in

the Explanatory Notes, as "Articles of a kind normally carried in the pocket or in the handbag," it

removed the term "vanity cases" from the exemplars that had been enumerated in the TSUS

provision. According to Customs, the regrouping of "vanity cases" in an alternative subheading

4202.12, HTSUS, limited the scope of subheading 4202.32, HTSUS, to small pocket articles. By

changing the language of the recast flat goods provision to include only articles of a kind

normally carried in the pocket or in the handbag and providing for vanity cases in a separate

provision, Congress manifested an obvious intent to treat vanity cases separately and distinctly

from those articles with which they had been grouped under the TSUS. Therefore, the

merchandise at issue is not classifiable under subheading 4202.32, HTSUS, as "Articles of a kind

normally carried in the pocket or in the handbag."

Customs also argues plaintiffs failed to demonstrate the cosmetics bags are "of a kind"

normally carried in the pocket or in the handbag as required by the plain meaning of the statute.

Customs notes classification within headings and subheadings using the phrase "of a kind" is

controlled by use. Pursuant to the instruction of Additional U.S. Rule of Interpretation 1(a),

HTSUS,[23] defendant contends the cosmetics bags are not of the "class or kind" of goods described in subheading 4202.32, HTSUS, as "Articles of a kind normally carried in the pocket or in the handbag" because the merchandise at issue is not commercially fungible[24] with those items which define the class or kind of articles covered by subheading 4202.32, HTSUS. According to defendant, plaintiffs have produced no evidence of commercial fungibility. Defendant maintains, under the plain meaning subheading 4202.32, HTSUS, the cosmetics bags may not be classified properly as "Articles of a kind normally carried in the pocket or in the handbag."

For all these reasons, defendant argues the proper classification for the merchandise at issue is subheading 4202.12, HTSUS, "[V]anity cases."

### III.  MOTION TO DISMISS IN PART FOR LACK OF JURISDICTION

When a defendant challenges the Court's jurisdiction, the plaintiff has the burden of demonstrating jurisdiction exists.  *See Lowa, Ltd. v. United States*, 561 F. Supp. 441, 443 (CIT

---

[23] Additional U.S. Rule of Interpretation 1(a), HTSUS, provides, in pertinent part:

(a)      a tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation, of goods of that *class or kind* to which the imported goods belong, and the controlling use is the principal use . . . .

(Emphasis added).

[24] Defendant cites the United States Court of Appeals for the Federal Circuit's decision in *Primal Lite, Inc. v. United States*, 182 F.3d 1362, 1365 (Fed. Cir. 1999) to support its argument that articles are of the same "class or kind" as required by Additional Rule of Interpretation 1(a), HTSUS, if "commercially fungible." *Primal Lite*, 182 F.3d at 1365.

1983).


Pursuant to 28 U.S.C. § 1581(a), this Court has "exclusive jurisdiction of any civil action

commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff

Act of 1930 [the Act]." Codified at 19 U.S.C. § 1515(a) (1994), section 515(a) of the Act

provides, "the appropriate customs officer, within two years from the date a protest was filed in

accordance with section 1514 of this title, shall review the protest and shall allow or deny such

protest in whole or in part." Section 1514(a) states decisions of the Customs Service including

"the classification and rate and amount of duties chargeable . . . shall be final and conclusive

upon all persons . . . unless a protest is filed in accordance with this section." 19 U.S.C. §

1514(a).


Plaintiffs do not dispute their failure to file protests regarding the classification of the

twenty-three entries at issue in defendant's motion to dismiss in part for lack of jurisdiction.

Therefore, because no protests were filed, the classification of the twenty-three entries at issue is

final and conclusive. *See United States v. Ataka Am., Inc.*, 826 F. Supp. 495, 502 (CIT 1993)

("Failure to protest [classification] results in the finality of the decision."). Accordingly, the

Court finds it lacks jurisdiction under 28 U.S.C. § 1581(a) over those non-protested entries and

grants defendant's motion dismissing the twenty-three entries at issue with respect to the

classification cause of action. *See Computime, Inc. v. United States*, 601 F. Supp. 1029, 1031

(CIT 1984). This Court makes no determination as to how the twenty-three entries may be

considered in the appraisement cause of action.[25]


### IV. CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

A.      *Standard of Review*

This case is before the Court on plaintiffs' motion and defendant's cross-motion for

partial summary judgment.   Under U.S. CIT R. 56(c), summary judgment is appropriate if, based

on the papers before the Court, "there is no genuine issue as to any material fact" and "the

moving party is entitled to a judgment as a matter of law."  When deciding summary judgment

motions in classification cases, the Court must first ascertain the proper meaning of the specific

terms in the tariff provision, a question of law, and second determine whether the merchandise at

issue comes within the description of such terms as properly construed, a question of fact.  *See*

*SGI, Inc. v. United States*, 122 F.3d 1468, 1471 (Fed. Cir. 1997).  The parties claim there are no

genuine issues as to any material facts; therefore partial summary judgment is appropriate in this

matter.  This Court agrees.


The sole issue before the Court is a question of law[26] pertaining to the proper

interpretation of pertinent sections of the HTSUS.  *See id.* (citing *Rollerblade, Inc. v. United*

*States*, 112 F.3d 481, 483 (Fed. Cir. 1997)).  The Court will conduct a *de novo* review of this

---

[25] This Court will address the appraisement cause of action separately.

[26] Customs's decisions are entitled to a presumption of correctness under 28 U.S.C. §
2639(a)(1) (1994); however, where "a question of law is before the Court on a motion for
summary judgment, the statutory presumption of correctness is irrelevant." *Blakley Corp. v.
United States*, 15 F. Supp. 2d 865, 869 (CIT 1998) (citing *Universal Elecs., Inc. v. United States*,
112 F.3d 488, 492 (Fed. Cir. 1997)).

matter based on the record before it pursuant to 28 U.S.C. § 2640(a)(1) (1994).[27] *See Gulfstream*

*Aerospace Corp. v. United States*, 981 F. Supp. 654, 658 (CIT 1997).   In making its

determination as to the proper classification under the HTSUS, the Court must consider whether

"the government's classification is correct, both independently and in comparison with the

importer's alternative."  *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984).


B.        *Classification Under the HTSUS*

        The proper classification of merchandise entering the United States is directed by the

General Rules of Interpretation (GRI) of the HTSUS and the Additional United States Rules of

Interpretation.  *See Orlando Food Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998).

The HTSUS scheme is organized by headings; each of which has one or more subheadings

providing a more particularized segregation of the heading at issue.  *See id.*  Under the GRI, the

Court must first construe the language of the heading and any section or chapter notes in question

to determine whether the product at issue is classifiable under the heading.  Only then may the

Court look to the subheadings to find the correct classification for the merchandise at issue.  *See*

*id.* at 1440; GRI 1, 6.[28]

---

        [27] In this case, Customs has not promulgated any regulations interpreting the relevant headings or subheadings; therefore, the Court will conduct *de novo* review based on the record before it pursuant to 28 U.S.C. § 2640(a)(1) (1994).  *See Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1378 (Fed. Cir. 1999) (citing *Mead Corp. v. United States*, 185 F.3d 1304, 1307 (Fed. Cir. 1999)).

        [28] General Rule of Interpretation (GRI) 1 states, in pertinent part, "[C]lassification shall be determined according to the terms of the headings and any relative section or chapter notes . . . ."

"As with other statutory provisions, it is the function of the court to interpret the tariff

acts in a manner that will fulfill or carry out the intent of Congress." *Neco Elec. Prods. v. United*

*States*, 14 CIT 181, 183 (1990).  To ascertain Congress' intent, the Court first looks to the plain

meaning of the statutory text.  *See Marcor Dev. Corp. v. United States*, 926 F. Supp. 1124, 1129

(CIT 1996) (citing *Trans-Border Customs Servs. v. United States*, 843 F. Supp. 1482, 1485 (CIT

1994)).  If the plain language of the statute demonstrates the clear and unambiguous intent of

Congress, the Court's inquiry is complete.  *See id.*  However, absent any contrary indication of

Congressional intent from the statute or legislative history, tariff terms are construed in

accordance with their common and popular meaning.  *See Lynteq, Inc. v. United States*, 976 F.2d

693, 697 (Fed. Cir. 1992).  In construing such terms, the Court may "'rely upon its own

understanding, dictionaries and other reliable sources.'" *North Am. Processing Co. v. United*

*States*, 56 F. Supp. 2d 1174, 1179 (CIT 1999) (quoting *Medline Indus., Inc. v. United States*, 62

F.3d 1407, 1409 (Fed. Cir. 1995)).


     1.     *Heading 4202, HTSUS, "[V]anity cases . . . similar containers . . . traveling bags,*
            *toiletry bags . . . purses . . . similar containers . . . ."*

In this matter, the parties' arguments principally address the proper subheading

---

GRI 6 states:

> For legal purposes, the classification of goods in the subheadings of a heading shall be
> determined according to the terms of those subheadings and any related subheading notes
> and, *mutatis mutandis*, to the above rules, on the understanding that only subheadings at
> the same level are comparable.

classification within heading 4202, HTSUS, for the merchandise at issue. The parties appear to agree the cosmetics bags are properly classified under heading 4202, HTSUS, "[V]anity cases . . . and similar containers; . . . traveling bags, toiletry bags . . . purses . . . and similar containers . . . ." Even so, pursuant to *Jarvis Clark*, 733 F.2d at 878, the Court must consider whether classification of the merchandise at issue is, in fact, appropriate under heading 4202, HTSUS.

Heading 4202, HTSUS, is comprised of a list of exemplars some of which arguably describe the merchandise at issue in this matter. Defendant argues the merchandise at issue may be considered as "vanity cases," "traveling bags," "toiletry bags," or "similar containers." Plaintiffs appear to argue the merchandise at issue, which they refer to as cosmetics bags, may be considered as "similar containers" in the second part of heading 4202, HTSUS. (*See* Defendant's Motion at 7, 16; Memorandum of Law in Support of Plaintiffs' for Partial Summary Judgment (Plaintiffs' Motion) at 17.) Because the Court finds the language of heading 4202, HTSUS, is unclear and legislative history provides this Court with no clarification as to those exemplars or phrases in heading 4202, HTSUS, under which the merchandise at issue may be classified properly, the Court will use the rule of *ejusdem generis* to ascertain whether the merchandise at issue may be classified properly under heading 4202, HTSUS.

In applying the rule of *ejusdem generis*, the Court must consider whether the merchandise at issue possesses the essential characteristics or purposes that unite the listed examples preceding the general term or phrase in the statute. *See Avenues in Leather, Inc. v. United States*, 178 F.3d 1241, 1244 (Fed. Cir. 1999). It is well-established that the essential characteristic and

purposes of the heading 4202, HTSUS, exemplars is "to organize, store, protect and carry various

items." *SGI, Inc.*, 122 F.3d at 1471; *Totes, Inc. v. United States*, 865 F. Supp. 867, 872 (CIT

1994). In this matter, the parties stipulate the cosmetics bags are used to contain, "organize and

segregate cosmetics [and toiletry products.]" (Plaintiffs' Statement Under Rule 56(i) of Material

Facts as to Which There is No Dispute (Plaintiffs' Statement of Facts) at ¶ 10; Defendant's

Response to Plaintiffs' Statement under Rule 56(i) of Material Facts As to Which There is No

Dispute (Defendant's Response to Plaintiffs' Facts) at ¶ 10 (Admits but avers irrelevant).) Due

to the breadth of exemplars listed in heading 4202, HTSUS, the exemplars' essential

characteristics and purpose, the parties' stipulation, and the Court's inability to find any other

appropriate heading, the Court finds the merchandise at issue properly classified under heading

4202, HTSUS, because it is used to organize personal items, *i.e.*, cosmetics.


   2.  *Proposed Subheading Classifications within Heading 4202, HTSUS.*

In this matter, the parties advance three subheadings within heading 4202, HTSUS, as

possible classifications for the merchandise at issue: subheading 4202.12, HTSUS, as "[V]anity

cases;" subheading 4202.32, HTSUS, as "Articles of a kind normally carried in the pocket or in

the handbag;" subheading 4202.92.45, HTSUS, as "Other . . . Travel, sports and similar bags . . .

Other."


     a.  *Merchandise at Issue Prima Facie Classifiable under Subheading*
       *4202.12, HTSUS, "[V]anity cases."*

Defendant argues the cosmetics bags are properly classifiable under subheading 4202.12,

HTSUS, as "[V]anity cases." Plaintiffs oppose this classification. This Court agrees with

defendant that the merchandise at issue is *prima facie* classifiable under subheading 4202.12, HTSUS.

Subheading 4202.12, HTSUS, "[V]anity cases" is an *eo nomine* tariff designation.[29] Even so, the Court finds the term is not clearly defined by the headings, subheadings, or chapter notes of Chapter 42, HTSUS. In addition, the Court finds Congress did not specify its intent as to the term "vanity cases." *See* subheading 4202.12, HTSUS. Thus, the Court must determine the common meaning of the term "[V]anity case" as used in the statute. *See North Am.*, 56 F. Supp. 2d at 1178.

Various definitions of the term "vanity case" are advanced by "dictionaries and other reliable sources" to which the Court looks to discern a tariff term's common meaning. *Id.* at 1179. The OXFORD ENGLISH DICTIONARY 430 (2d. ed. 1989) defines "vanity case" as "a small hand-bag, etc., for ladies, fitted with a mirror and powder-puff." According to the AMERICAN HERITAGE DICTIONARY 1944 (3rd ed. 1996), a "vanity case" is " 1. [a] small handbag or case used by women for carrying cosmetics or toiletries. 2. a woman's compact." The RANDOM HOUSE DICTIONARY OF ENGLISH LANGUAGE 1580 (1966) defines the term as "a small luggage bag or case for holding cosmetics or toiletries used or carried by women." The Court notes the common meaning of the term "vanity case" appears to include various forms of the article: a compact; a small handbag or case used by women for carrying cosmetics; and a small luggage bag for cosmetics.

---

[29] *See supra* note 21.

Plaintiffs argue the term "[V]anity case[]" as used in heading 4202, HTSUS, and

subheading 4202.12, HTSUS, only refers to a small piece of luggage for cosmetics. Plaintiffs

base their argument on the Session Notes of the Harmonized System Committee (HSC) of the

Customs Cooperation Council and its working party. Comparing terminology in the French and

English versions of the HTS, plaintiffs maintain, the term "[V]anity cases," as used in the

HTSUS, was intended to be the equivalent of the French term "les mallettes de toillettes," *i.e.*,

little trunk for toilet articles. The Court finds plaintiffs' argument unpersuasive.[30]

"Congress is presumed to know the language of commerce, and to have framed tariff acts

so as to classify commodities according to the general usage and denomination of the trade."

*John v. Carr & Son, Inc. v. United States*, 77 Cust. Ct. 103, 107 (1976). Therefore, because

Congress used the term "vanity cases" within the statute without limitation as to form, it may be

presumed all forms of the articles are meant by Congress to be included therein. "'[A]n eo

nomine designation, with no terms of limitation, will ordinarily include all forms of the named

article.'" *Carl Ziess*, 195 F.3d at 1379 (quoting *Hayes-Sammons Chem. Co. v. United States*, 55

CCPA 69, 75 (1968)). Because the Court finds the common meaning of the term "vanity case[]"

includes a small handbag or case used to hold cosmetics, the Court finds the merchandise at issue

in this matter, described by the parties as cosmetics bags used to contain cosmetics, *prima facie*

---

[30] Both parties support their arguments by citing to the Session Notes of the Customs
Cooperation Council's Harmonized System Committee and its Working Party. The Court notes,
however, working documents, such as commentary by delegations on questions before
Harmonized System Committee which are designed to frame issues for discussion, carry virtually
no weight in interpreting the Harmonized System even though they may contain more detailed
descriptions of the goods under consideration and the rationale for certain positions. *See* STRUM,
R., CUSTOMS LAW & ADMINISTRATION, § 50.2, 17 (Supp. 1999).

classifiable under subheading 4202.12, HTSUS.

        b.        *Merchandise at Issue Prima Facie Classifiable under Subheading 4202.32, HTSUS, "Articles of a kind normally carried in the pocket or in the handbag."*

Plaintiffs argue the cosmetics bags are classified properly under subheading 4202.32, HTSUS, as "Articles of a kind normally carried in the pocket or in the handbag." Defendant opposes such classification arguing the plain and unambiguous language of subheading 4202.32, HTSUS, precludes such classification.

        i.        "*[I]n the pocket or in the handbag*"

Defendant first argues the language of subheading 4202.32, HTSUS, specifically "in the pocket or in the handbag," plainly and unambiguously indicates Congress only meant to include small pocket articles in the provision. Such an interpretation necessarily would exclude the merchandise at issue because it can not be carried in a pocket. In support, defendant cites the exemplars enumerated in the Explanatory Notes as "Articles of a kind normally carried in the pocket or in the handbag" and points out that those articles are capable of being carried in the pocket *and* in the handbag. Also, Customs cites the drafting history of the HTS to support "the validity of [this] conclusion[]." *Universal Transcon. Corp. v. J.E. Bernard & Co.*, 42 CCPA 69, CAD 573 (1954). Defendant contends because subheading 4202.32, HTSUS, was added pursuant to the suggestion from the United States delegate to the HSC that a subheading be added to encompass small pocket articles, the resulting phrase "Articles of a kind normally carried in the pocket or in the handbag" should be read only to include small pocket articles.

The Court agrees with defendant that the language "in the pocket or in the handbag" of

subheading 4202.32, HTSUS, is plain and unambiguous, however, the Court disagrees with

Customs's narrow reading of the phrase. The defendant's construction of the statute would have

the court ignore the disjunctive "or" and rob the phrase "in the handbag" of its independent and

ordinary significance. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 338 (1979). The Court notes

"[i]n construing a statute we are obliged to give effect, if possible, to every word Congress used."

*Id.* at 339. Subheading 4202, HTSUS, encompasses articles of a kind normally carried "in the

pocket or in the handbag." "Canons of construction ordinarily suggest that terms connected by a

disjunctive be given separate meanings, unless the context dictates otherwise. . . ." *Id.* The

Court notes "[w]here the language of a statute demonstrates a clear intent of Congress, that intent

is regarded as conclusive." *Marcor,* 926 F. Supp. at 1129. Accordingly, this Court finds articles

normally carried in a handbag may fall within subheading 4202.32, HTSUS.

In this matter, the parties stipulate the cosmetics bags may be "small enough to be housed

within a handbag." (Plaintiffs' Statement of Facts at ¶ 9; Defendant's Response to Plaintiffs'

Facts at ¶ 9.) Given the parties' stipulation and the plain meaning of the phrase "in the pocket or

in the handbag," the Court finds the merchandise at issue is not precluded from classification

under subheading 4202.32, HTSUS, as "Articles of a kind normally carried in the pocket or in

the handbag."

ii.        "*Articles of a kind normally carried . . .*"

The first part of the statutory phrase used in subheading 4202.32, HTSUS, "Articles of a

kind normally carried in the pocket or in the handbag," invokes the concept of use due to its inclusion of the phrase "of a kind." *See Primal Lite, Inc. v. United States*, 15 F. Supp. 2d 915, 917 (CIT 1998) ("The use of the term 'of a kind' is nothing more than a statement of the traditional standard for classifying [an] importation by []use.").[31]  While the Court agrees with the parties that subheading 4202.32, HTSUS, is a use provision, the Court notes subheading 4202.32, HTSUS, addresses use in a particular context which is independent of the purpose for which the merchandise at issue is utilized, *i.e.*, to contain, "organize and segregate cosmetics [and toiletry products]." (Plaintiffs' Statement of Facts ¶ 10; Defendant's Response to Plaintiffs' Facts ¶ 10 (Admits but avers irrelevant).)  Subheading 4202.32, HTSUS, "Articles of a kind normally carried in the pocket or in the handbag" addresses the manner in which articles are employed or used, *i.e.*, "normally carried," to serve their intended purpose or use.

When use is invoked by the language of the HTSUS, the Court turns to Additional U.S. Rule of Interpretation 1 (USRI 1), which states "a tariff classification controlled by use . . . is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation, of goods of that *class or kind* to which the imported goods belong, and the controlling use is the principal use." USRI 1 (emphasis added).  In this case, the Court must determine whether the cosmetics bags are of "that class or kind to which the imported goods

---

[31] The Court notes the phrase "of a kind" principally has been interpreted in tariff provisions utilizing the term "use." *See, e.g., Primal Lite, Inc. v. United States*, 15 F. Supp. 2d 915 (CIT 1998) (Interpreting subheading 9405.40.80, HTSUS, "lighting sets of a kind used for Christmas trees . . . Other.").  Even so, the Court does not find the lack of the term "use" in subheading 4202.32, HTSUS, a limitation because a designation by use may be established, although the word "use" or "used" does not appear in the language of the statute. *See E.C. Lineiro v. United States*, 37 CCPA 10, 14, CAD 411 (1949).

belong." USRI 1; *see United States v. Carborundum Co.*, 536 F.2d 373, 377 (CCPA 1976). To make this determination the Court traditionally has used a totality of the circumstances test, specifically considering factors such as: the physical characteristics of the merchandise; the expectation of ultimate purchasers; the channels of trade; and use. *See Carborundum,* 536 F.2d at 377. However, in 1999, the Federal Circuit appears to have renamed the traditional test to determine "class or kind" under USRI 1 under the guise of "commercial fungibility." *Primal Lite, Inc. v. United States*, 182 F.3d 1362, 1365 (Fed. Cir. 1999) ("[W]e construe the [HTSUS] to call for a determination as to the [class or kind] of goods that are commercially fungible with the imported goods.").[32]

In *Primal Lite*, the Federal Circuit affirmed a lower court ruling which focused on use between the kind or class of merchandise implicated by the HTSUS provision at issue, "lighting sets of a kind used for Christmas trees," and the imported merchandise at issue. *See Primal Lite*, 15 F. Supp. 2d at 917. The "commercial fungibility" to which the Federal Circuit refers appears to implicate fungibility in terms of the use specified by the tariff provision at issue. Therefore, in order to find the merchandise at issue classifiable under subheading 4202.32, HTSUS, it must have a use which is fungible with that which defines the class or kind described in the subheading, *i.e.*, normally carried in the pocket or in the handbag.

The Court notes subheading 4202.32, HTSUS, does not specify the articles encompassed

---

[32] The Court notes the test set forth in *United States v. Carborundum Co.*, 536 F.2d 373, 377 (CCPA 1976) is not refuted in *Primal Lite*, 182 F.3d at 1365.

therein; however, the Explanatory Notes[33] for Chapter 42 provide "[Subheadings 4202.21, 4202.32 and 4202.29] cover articles of a kind normally carried in the pocket or in the handbag and include spectacle cases, note-cases (bill-folds), wallets, purses, key-cases, cigarette-cases, cigar-cases, pipe-cases and tobacco-pouches."  The class or kind defined by the subheading appears to be items which have independent and various functions, albeit normally carried in the pocket or in the handbag.

In this matter, the parties stipulate: "[w]omen normally carry some cosmetics with them so that they can have cosmetics with them on a daily basis;" "[w]omen normally carry a handbag for convenience to contain various personal items, including cosmetics, that they want to have about their person on a daily basis;" and "[c]osmetic bags are items that are used to carry cosmetics and [some[34] are] small enough to be housed within a handbag." (Plaintiffs' Statement

---

[33] It has been long settled that "while the Explanatory Notes do not constitute controlling legislative history, they do offer guidance in interpreting HTS subheadings." *Lonza, Inc. v. United States*, 46 F.3d 1098, 1109 (Fed. Cir. 1995).

[34] The Court notes plaintiffs maintain "[c]osmetic bags are items that are used to carry cosmetics and it is small enough to be housed within a handbag." (Plaintiffs' Statement of Facts at ¶ 9.)  Defendant responds "[a]dmit[ting] that cosmetics bags are containers that are used to carry cosmetics, aver[ring] that certain cosmetic bags are small enough to be used in conjunction with a handbag for daytime use . . . ." (Defendant's Response to Plaintiffs' Facts at ¶ 9.)  Also, plaintiffs aver the cosmetics bags "are of a size to be carried in a handbag" (Plaintiffs' Statement of Facts at ¶ 11), and defendant responds "den[ying] that these articles are all of a size to be carried in a handbag and avers that this denial does not create a genuine issue as to any material fact.  Further avers that certain of these articles are themselves the size of handbags." (Defendant's Response to Plaintiffs' Facts at ¶ 11.)  In brief, defendant further states "cosmetic bags are certainly carried in the handbag." (Defendant's Reply Memorandum in Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment at 8.)  The Court recognizes defendant's statements as to the size of some of the cosmetics bags at issue are directed to its argument that some of the cosmetics bags may be carried independently of a handbag.  The Court notes, however, such a possibility does not mean such cosmetic bags may not be carried within a

of Facts at ¶¶ 7, 8, 9; Defendant's Response to Plaintiffs' Facts at ¶¶ 7, 8, 9 (Averring cosmetic

bags large enough for nighttime use.).)  In addition, defendant does not appear to specifically

refute or contest expert testimony presented by plaintiffs that women normally carry cosmetics

bags in their handbags.

> Q.  How did that mix of what she had match up to what you would normally [sic] from
> the rest of your research expect were [sic] the types of things that women will carry
> around in their handbag?
>
> A.  Well . . . one of the sources that I read and that I quote in the book [*Bags, A Lexicon
> of Style*, Valerie Steele & Laird Borrelli, (Scriptum Editions, 1999)] is from Esquire
> Magazine, which had an article a few years ago called "Your Wife: A User's Manual, Her
> Purse" . . . the exact quote . . . "Women carry useful objects, including medication, band-
> aids, an organizer . . . cosmetics and cosmetic bag[s] . . . ." [O]ne thing that people almost
> always tend to mention is that they will carry cosmetics and a cosmetics bag . . . ."

(Plaintiffs' Motion for Partial Summary Judgment, Exhibit P, Deposition of Dr. Valerie Steele at

 65-67, 69.)  Based on the parties' stipulations and uncontested expert testimony, the Court finds

the cosmetics bags at issue may be housed in a handbag and are so normally carried.  Therefore,

the merchandise at issue has a use that is commercially fungible with the class or kind specified

in subheading 4202.32, HTSUS.


Defendant argues the merchandise at issue is not commercially fungible with the articles

covered by subheading 4202.32, HTSUS.  Defendant maintains plaintiffs have failed to bring

forth evidence of commercial fungibility demonstrating the cosmetics bags are "competitive with

and can replace the articles 'of a kind normally carried in the pocket or in the handbag.'"

(Defendant's Reply Memorandum in Opposition to Plaintiff's [sic] Cross-Motion for Partial

---

handbag, and that they are not normally so carried.

Summary Judgment at 12.)  The Court finds defendant's analysis, grounded in notions of product

substitutability, too narrow given the use provision at issue.  As noted above, subheading

4202.32, HTSUS, is not a traditional use provision implicating the use of the merchandise at

issue.  Subheading 4202.32, HTSUS, addresses the manner in which articles are employed or

transported.   Accordingly, defendant's interpretation of commercial fungibility is contrary to the

plain meaning of the statute.  On its face, subheading 4202.32, HTSUS, is a provision

encompassing various articles which are employed in a similar manner.  Restricting classification

in the manner advocated by defendant would narrow the subheading contrary to legislative intent.

Moreover, defendant's application of fungibility is further refuted by the Explanatory Notes

which include a list of  "Articles of a kind normally carried in the pocket or in the handbag."

This Court notes these exemplars are not directly substitutable, *e.g.*, a wallet for a pipe-case,

although they are fungible in the manner in which they are employed, *i.e.*, normally carried in the

pocket or in the handbag.


For the reasons stated above, the Court finds the merchandise at issue *prima facie*

classifiable under subheading 4202.32, HTSUS, as "Articles of a kind normally carried in the

pocket or in the handbag."


        c.      *Subheading 4202.92.45, HTSUS, "Other . . . Travel, sports and similar*
                *bags . . . Other."*

Subheading 4202.92.45, HTSUS, "Other . . . Travel, sports and similar bags . . . Other" is

a residuary or basket provision.[35]  "Classification of imported merchandise in a basket provision,

however, is appropriate only when there is no tariff category that covers the merchandise more

specifically."  *Chevron Chem. Co. v. United States*, 59 F. Supp. 2d 1361, 1368 (CIT 1999); *see*

*also E.M. Chems. v. United States*, 923 F. Supp. 202, 206 (CIT 1996).  Because the Court finds

the merchandise at issue *prima facie* classifiable under two alternative subheadings which covers

the merchandise at issue more specifically, the Court will not address classification under

subheading 4202.92.45, HTSUS.


    3.        *The Subheading Preferred for Classification*

    The Court finds the cosmetics bags at issue *prima facie* classifiable under subheadings

4202.12, HTUSU, "[V]anity Cases," and 4202.32, HTSUS, "Articles of a kind normally carried

in the pocket or in the handbag."   Pursuant to GRI 3(a), when a product is *prima facie*

classifiable under two or more subheadings, "[t]he [sub]heading which provides the most

specific description shall be preferred to [sub]headings providing a more general description."

GRI 3(a).  Therefore, classification of the product turns on which of these two provisions is the

more specific.  *See Orlando Food Corp. v. United States*, 140 F.3d 1437, 1441 (Fed. Cir. 1998).

"Under this so-called rule of relative specificity, [the Court] look[s] to the provision with

requirements that are more difficult to satisfy and that describe the article with the greatest

degree of accuracy and certainty."  *Id.* (citing *United States v. Siemens Am., Inc.*, 653 F.2d 471,

---

[35] The Court notes the parties agree subheading 4202.92.45, HTSUS, "Other . . . Travel,
sports and similar bags . . . Other," is a residuary provision.  (*See* Memorandum of Law in
Support of Plaintiffs' Motion for Partial Summary Judgment at 17; Defendant's Reply
Memorandum in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment at 28.)

477 (CCPA 1981); *see Carl Zeiss*, 195 F.3d at 1380.


        The Court also recognizes the general rule of Customs jurisprudence that, "'in the

absence of legislative intent to the contrary, a product described by both a use provision and an

eo nomine provision is generally more specifically provided for under the use provision.'"

*Orlando*, 140 F.3d at 1441 (quoting *Siemens Am.*, 653 F.2d at 478).  However, this Court notes

this rule is not obligatory and only provides a "'convenient rule of thumb for resolving issues

where the competing provisions are in balance [*i.e.*, equally descriptive].'"  *Carl Zeiss*, 195 F.3d

at 1380 (quoting *Siemens Am.*, 653 F.2d at 478 n.6); *see also Totes, Inc. v. United States*, 69 F.3d

495, 500 (Fed. Cir. 1995).  In this matter, the Court must determine the relative specificity

between subheading 4202.12, HTSUS, an *eo nomine* provision, and subheading 4202.32,

HTSUS, a use provision.


        Even though the Court recognizes the long standing maxim that a use provision is usually

more specific than an *eo nomine* provision, the Court declines to apply it to the instant case

because the Court finds the competing subheadings do not "equally describe" the merchandise at

issue.  *See E.M. Chems. v. United States*, 920 F.2d 910, 916 (Fed. Cir. 1990).  The Court finds

subheading 4202.12, HTSUS, "[V]anity cases," more specifically describes the cosmetics bags at

issue than subheading 4202.32, HTSUS, "Articles of a kind normally carried in the pocket or in

the handbag."  The Court's finding is premised on the Court's understanding that the use

provision at issue in this case is not one which implicates the primary use of the merchandise at

issue but rather the manner in which it is employed, *i.e.*, normally carried in the pocket or in the

handbag.  Unlike subheading 4202.12, HTSUS, which specifies a single article for proper

classification, subheading 4202.32, HTSUS, is a broad provision encompassing a variety of

articles with specific and independent uses as illustrated by the Explanatory Notes.  Because the

subheadings are not equally specific, the Court will not prefer the use provision over the *eo*

*nomine* provision.  Therefore, because the Court finds no other subheading more appropriate, the

Court finds the merchandise at issue are correctly classified under subheading 4202.12, HTSUS,

as "[V]anity cases."

CONCLUSION

For the reasons stated above, the Court finds the merchandise at issue classified properly

under subheading 4202.12.20, HTSUS, as "[V]anity cases . . . With outer surface of plastics,"

dutiable at a rate of 20% *ad valorem.*  Accordingly, plaintiffs' Motion for Partial Summary

Judgment is denied, and defendant's Cross-Motion for Partial Summary Judgment is granted.

_____
Gregory W. Carman
Chief Judge

Dated: September 1, 2000
        New York, New York